The STATE of Ohio, Appellant,

v.

EDWARDS, Appellee.

[Cite as *State v. Edwards* (1993), 86 Ohio App.3d 550.]

Court of Appeals of Ohio,
Seneca County.

No. 13-92-41.

Decided Feb. 25, 1993.

*Paul F. Kutscher, Jr.,* Seneca County Prosecuting Attorney, and *Kenneth H. Egbert, Jr.,* Assistant Prosecuting Attorney, for appellant.

*Rebecca J. Herner,* Seneca County Public Defender, for appellee.

HADLEY, Judge.

Plaintiff-appellant, state of Ohio, appeals from a judgment entry filed in the Seneca County Court of Common Pleas which granted the motion of defendant-appellee, Louis C. Edwards, for sanctions and ordered that certain evidence and testimony not be permitted at trial, pursuant to appellant's request to suppress such evidence. Because of the issues raised in this appeal, this case is transferred from the accelerated calendar to the regular calendar.

A review of the procedural history of this case is necessary to the issues raised in appellant's brief. On May 20, 1992, appellee was indicted on one count of complicity to commit the offense of trafficking in drugs. On June 18, 1992, appellee requested discovery from appellant to which request appellant responded on July 8, 1992. Also on July 8, 1992, appellant requested discovery from appellee. On August 7, appellee filed his first motion to suppress evidence (not the subject of this appeal) which was overruled after a hearing. On September 30, appellee filed his response to appellant's request for discovery.

On October 1, 1992, appellee filed a motion to compel appellant to produce additional discovery regarding appellant's confidential informant, Hector Rodriguez, and for photographs used for identification purposes of appellee. On the same date, appellee filed his second motion to suppress. This motion to suppress requested that the testimony of Rodriguez and identifying photographs not be permitted at appellee's trial. On October 6, the trial court granted appellee's motion to compel, wherein the trial court stated:

" * * * It is therefore ORDERED that the Seneca County Prosecuting Attorney forthwith produce and furnish to Counsel for Defendant discovery information as requested in Defendant's Motion to Compel filed herein."

On October 7, appellant filed a "continuance to discovery" which permitted appellee to inspect the reputed photographs at the Fostoria Police Department. On October 22, appellee filed a motion for sanctions, with a supporting memorandum, arguing that appellant had failed to provide appellee with additional information on Rodriguez and the identification photographs. Appellee argued that the appropriate sanctions, " * * * take the form of the State of Ohio being precluded from using any identification of the Defendant during the trial of this cause. Further, the Defendant requests that the witness Hector Rodriguez be prohibited from testifying."

The next document in the record was filed on October 27 and reflects that the trial court granted appellee's requested motion for sanctions as appellant failed to follow the trial court's October 6 order and further ordered that appellant be " * * * precluded from using any identification evidence of the Defendant during

trial and the witness, Hector Rodriguez shall be prohibited from testifying at trial."

Two days later, appellant requested that the October 27 order be vacated and reconsidered. On November 3, appellant filed a notice of appeal, statement and praecipe, prosecuting attorney certification, and a request to the trial judge for findings of fact and conclusions of law pursuant to Crim.R. 12(E). On November 16, the trial court held a hearing on appellant's motion to reconsider wherein the trial court would not vacate its prior order nor order a hearing on the motion for sanctions.

Initially, we must address appellee's concern that this appeal is not from a proper final appealable order. Appellant argues that this appeal is taken pursuant to Crim.R. 12(J) and said appeal is proper. We agree with appellant. Crim.R. 12(J) states:

"*State's right of appeal upon granting of motion to return property or motion to suppress evidence.* The state may take an appeal as of right from the granting of a motion for the return of seized property, or from the granting of a motion to suppress evidence if, in addition to filing a notice of appeal, the prosecuting attorney certifies that: (1) the appeal is not taken for the purpose of delay; and (2) the granting of the motion has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed."

Appellee argues that appellant appealed from the trial court's October 6, 1992 judgment entry requiring appellant to comply with discovery and, thus, the present appeal is not timely pursuant to Crim.R. 12(J).

Appellant's notice of appeal states:

"Notice is hereby given that the State of Ohio, pursuant to Crim.R. 12(J), App.R. 4(B)(4), and *State v. Davidson* (1985), 17 Ohio St.3d 132, appeals to the Court of Appeals of Seneca County, Ohio, Third Appellate District, *from the Order granting Defendant's Motion For Sanctions in this case entered on the 27th day of October, 1992,* and granting Defendant's Motion To Compel Discovery in this case entered on October 6, 1992. * * *" (Emphasis added.)

There is no doubt that appellant's notice of appeal puts appellee and this court on notice that its appeal is taken from the October 27, 1992 judgment entry. Appellant's referral to the October 6, 1992 judgment entry was necessary to advise that by the October 27 judgment entry, the trial court effectually granted appellant's October 1, 1992 motion to suppress thereby necessitating an appeal pursuant to Crim.R. 12(J). The trial court's judgment entry of October 27, 1992, grants appellee's October 22, 1992 motion for sanctions, wherein appellee's

specific request for relief mimicked the relief sought by appellee in his October 1 motion to suppress.

Therefore, appellant's notice of appeal was both proper and timely, pursuant to Crim.R. 12(J).

Appellant raises three assignments of error from the trial court's October 27, 1992 judgment entry.

## Assignment of Error No. 1

"The trial court erred by failing to state its essential factual findings on the record when it suppressed all identification evidence in the State of Ohio's case prior to trial."

■ Appellant argues that the trial court was required to state its findings of fact and conclusions of law pursuant to appellant's request and Crim.R. 12(E). Crim.R. 12(E) states:

"*Ruling on motion.* A motion made before trial other than a motion for change of venue, shall be timely determined before trial. Where factual issues are involved in determining a motion, the court *shall* state its essential findings on the record." (Emphasis added.)

Appellee has not disputed that the trial court's October 27, 1992 judgment entry involved factual matters. Undoubtedly, the issue of whether the particular appellant in this matter complied with a discovery request from the opposing party and a subsequent court order to comply with said discovery request involves a factual determination by the trial court of whether appellant complied with that order. Thus, since the motion herein involved a factual matter, the court was required to state its findings of fact on the record, even if not timely requested by appellant. Crim.R. 12(E) mandates, by the use of the word "shall," that the trial court state its findings on the record.[1] In the absence of such findings, a reviewing court cannot properly review the ruling of the trial court. *Bryan v. Knapp Laboratories* (1986), 21 Ohio St.3d 64, 65, 21 OBR 363, 364, 488 N.E.2d 142, 143.[2]

This assignment of error is sustained.

---

1. See *State ex rel. Niles v. Bernard* (1978), 53 Ohio St.2d 31, 34, 7 O.O.3d 119, 121, 372 N.E.2d 339, 341.

2. The facts of the *Knapp* case indicate that it was the *defendant* who made the request for findings of fact pursuant to Crim.R. 12(E); however, Crim.R. 12(E) does not limit findings of fact to instances when a *defendant* requests such findings. The only limitation upon Crim.R. 12(E) is that the motion involve factual matters.

### Assignment of Error No. 2

"The trail [*sic* ] court committed an abuse of discretion amounting to reversible error by failing to inquire into the circumstances of an alleged discovery violation prior to ordering sanctions."

■ As noted above, five days after appellee filed his request for sanctions the trial court granted such motion without a hearing on the matter or a response from appellant. The only evidence in the record from which the trial court based its decision was a memorandum attached to appellee's motion for sanctions explaining his version of the discovery violation. On that basis alone, the trial court granted his motion for sanctions and relief request. We find that the trial court abused its discretion by not ordering a hearing on the matter.

■ Appellee's request for sanctions stemmed from his belief that appellant had not complied with a discovery order, pursuant to Crim.R. 16. Crim.R. 16(E)(3) permits a court to impose sanctions for failure to comply with Crim.R. 16 or an order issued pursuant to said rule, and in so doing granting a trial court a wide scope of discretion in determining the sanction. In *Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 511 N.E.2d 1138, the Ohio Supreme Court defined the scope of Crim.R. 16(E)(3) in the context of the exclusion of witnesses of a *defendant*, wherein it stated that a "balancing test" be used in a trial court's determination of whether a sanction should be imposed and if one should, what type of sanction. We believe that the Ohio Supreme Court's interpretation of Crim.R. 16(E)(3) extends to sanctions that might be imposed against a prosecutor. Thus, following the reasoning in *Papadelis* and applying it to the situation wherein sanctions are proposed against a prosecutor in a criminal case, we hold that a trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery. *Id.* at 5, 511 N.E.2d at 1142.

Although we cannot determine whether the trial court imposed the least severe sanction against appellant based upon the scant record, we find that the trial court abused its discretion by not inquiring into the circumstances surrounding appellee's allegation in his October 22, 1992 motion for sanctions and by thus granting such motion and requested relief.

Therefore, this assignment of error is sustained.

### Assignment of Error No. 3

"The trial court committed an abuse of discretion amounting to reversible error by failing to impose the least severe sanction consistent with the purpose of the rules of discovery."

Appellant argues that even if there is evidence that it committed a discovery violation, the sanction imposed was not the least severe sanction that the trial court could have imposed. As noted in our discussion of appellant's first and second assignments of error, we cannot determine if the sanction imposed by the trial court was the least severe as there were no findings of fact as required by Crim.R. 12(E) nor any inquiry into the circumstances surrounding the allegations in appellee's motion for sanctions, as required by *Papadelis*. Based upon our rulings in appellant's first and second assignments of error, we can not determine this issue until the trial court has inquired into the circumstances of appellee's allegations in his October 22, 1992 motion for sanctions and issued findings of fact, as requested by one of the parties.

Therefore, this assignment of error is moot, pursuant to App.R. 12(A)(1)(c). The October 27, 1992 judgment entry of the trial court is reversed and the cause remanded for proceedings to be rendered in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

EVANS, P.J., and SHAW, J., concur.