Defendant-appellant, Harold Gibson, appeals his conviction by the Avon Lake Municipal Court for driving under the influence of alcohol. We affirm.
On April 3, 1997, shortly after 1:00 a.m., Defendant was stopped on Abbe Road in Sheffield Lake, Ohio, after a police officer noted that his rear license plate was not illuminated. The officer detected a strong odor of alcohol on Defendant's breath as he approached and asked Defendant to step from the vehicle to undergo field sobriety testing. Subsequently, Defendant was charged with driving under the influence of alcohol, in violation of R.C. 4511.19(A) (1) and (3); driving with a suspended license, in violation of R.C. 4507.02(B) (1); and failure to illuminate a rear license plate, in violation of Codified Ordinances of Sheffield Lake 438.04. Defendant moved to suppress all evidence gathered as a result of the stop. The trial court denied the motion following a hearing.
On October 16, 1997, on the state's motion, the trial court merged the charges against Defendant for driving under the influence of alcohol and dismissed the remaining charges. Defendant entered a plea of no contest to driving under the influence and was sentenced to a prison term of ninety days. In addition, the trial court suspended his driver's license for one year and ordered him to pay a $500.00 fine. Defendant timely appealed. He has raised two assignments of error, which have been rearranged to facilitate discussion.
 ASSIGNMENT OF ERROR II The trial [court] committed reversible error by not making essential findings on the record pertaining to the arresting officer's basis for stopping the Defendant.
In his second assignment of error, Defendant has argued that the trial court's ruling on his motion to suppress is invalid because the trial court did not state the essential factual findings underlying its ruling. We disagree.
Crim.R. 12(E) requires a trial court to state essential findings of fact on the record when the resolution of factual issues is necessary to determine a motion. The language of the rule indicates that findings of fact are mandatory when the resolution of factual issues is necessary to determine the motion.State v. Edwards (1993), 86 Ohio App.3d 550, 554. As such, a trial court's failure to issue the requisite findings may constitute error. See id. A defendant, however, must request findings of fact in support of the denial of a motion in order to invoke this rule. State v. Benner (1988), 40 Ohio St.3d 301, 317. A defendant who fails to do so waives the issue on appeal. Statev. Alexander (1997), 120 Ohio App.3d 164, 169, appeal dismissed,80 Ohio St.3d 1408.
In his motion to suppress, Defendant argued that there was no reasonable and articulable suspicion of criminal activity that justified his automobile stop and that there was no probable cause for his arrest. In response to this argument, the trial court found "a reasonable and articulable cause to stop and probable cause to arrest." The court did not provide findings of fact as required by Crim.R. 12(E). Defendant did not request findings and, therefore, waived review of the issue on appeal. See Statev. Alexander, 120 Ohio App.3d at 169. Because Defendant has provided this court with a complete transcript of the hearing on the motion to suppress, we are able to conduct a thorough review of facts contained in the record. Defendant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR I The trial court committed reversible error by denying [Defendant's] motion to suppress on the basis that the arresting officer did not have reasonable and articulable suspicion to stop his vehicle.
When a police officer has probable cause to believe that a driver has committed a traffic violation, a stop is constitutionally permissible without respect to whether the officer's motive in conducting the stop may have been pretextual.Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus. Probable cause exists when the known facts and circumstances are sufficient to warrant a reasonable person in the belief that a crime has been committed. See Ornelas v. United States (1996), 517 U.S. 690, ___, 134 L.Ed.2d 911, 918. The ultimate determination of whether probable cause for a traffic stop existed is a mixed question of law and fact; accordingly, we review this determination de novo.Id. at ___, 134 L.Ed.2d at 919. The evaluation of evidence and the credibility of witnesses, however, remain issues for the trier of fact. State v. Carter (1995), 72 Ohio St.3d 545, 552, citingState v. Mills (1992), 62 Ohio St.3d 357. See, also, Ornelas v.United States, 517 U.S. at ___, 134 L.Ed.2d at 920-21.
Codified Ordinances of Sheffield Lake 438.04(b) requires all motor vehicles to be equipped with "[e]ither a tail light or a separate light * * * so constructed and placed as to illuminate with a white light the rear registration plate * * * and render it legible from a distance of fifty feet to the rear." Officer Brian Clark testified that he passed Defendant while driving south on Abbe Road. He stated that as Defendant passed in the northbound lane, he glanced at Defendant's automobile in the rearview mirror. In doing so, he noted that Defendant's license plate was unlighted. Officer Clark recalled that the cars were approximately twenty feet apart at that point in time. He testified that he decided to turn around and initiate a traffic stop to inform Defendant that his light was nonfunctional. After turning, Officer Clark activated his takedown lights. Defendant pulled over to the side of the road, and Officer Clark stopped his cruiser approximately ten feet behind Defendant's automobile. Officer Clark stated that he left his headlights on while he approached Defendant in order to light the surroundings. Because the lights were shining toward Defendant's car, Officer Clark stated that he was unable to confirm whether the license plate was lighted at that point.
A police officer may stop a civilian to investigate unusual behavior, even absent probable cause to make an arrest, when the officer reasonably suspects that the civilian is engaged in criminal activity. State v. Andrews (1991), 57 Ohio St.3d 86, 87, citing Terry v. Ohio (1968), 392 U.S. 1, 20 L.Ed.2d 889. The reasonable suspicion required for a valid investigatory stop is a less demanding standard than probable cause in the quality, reliability, and content of the evidence required. State v.Turner (Apr. 1, 1998), Wayne App. No. 96CA0096, unreported, at 5, citing Alabama v. White (1990), 496 U.S. 325, 330,110 L.Ed.2d 301, 309. Because he observed that Defendant was presently in violation of a traffic ordinance, Officer Clark had both a reasonable suspicion of criminal activity and probable cause to stop Defendant's vehicle. See State v. Wetshtein (Nov. 4, 1998), Summit App. No. 19014, unreported, at 5.
Defendant has argued that Officer Clark's statement that he observed Defendant's car without a properly illuminated license plate is not supported by the facts. Specifically, he has argued that (1) the cars in which Defendant and Officer Clark were travelling were moving away from one another at a rate of speed that would not permit Officer Clark to observe Defendant's license plate within a distance of fifty feet; (2) Officer Clark did not confirm that the license plate was unlighted upon stopping Defendant's vehicle; and (3) a mechanic who conducted a visual inspection of the car several days after Defendant's arrest observed that all rear lights were functioning properly. By each of these arguments, Defendant attempts to impugn the credibility of Officer Clark's testimony. The record, however, does not demonstrate that the trial court clearly erred by accepting the truthfulness of Officer Clark's testimony. See Ornelas v. UnitedStates, 517 U.S. at ___, 134 L.Ed.2d at 920. The facts as described by Officer Clark indicate that a reasonable person would have been warranted in the belief that Defendant was in violation of Codified Ordinances of Sheffield Lake 438.04(b). Defendant's first assignment of error is overruled.
Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County, Avon Lake Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
WHITMORE, J.
CONCURS