DECISION AND JUDGMENT ENTRY
Mark J. Kealiher appeals his conviction for operating a motor vehicle under the influence. He asserts that the Chillicothe Municipal Court should have granted his motion in limine. We disagree because the trial court did not abuse its discretion in refusing to further sanction the state for discovery violations after it fully considered the circumstances surrounding the state's failure to provide discovery. Accordingly, we affirm the judgment of the trial court.
 I.
The state charged Kealiher with speeding, in violation of R.C.4511.01; two counts of operating a motor vehicle under the influence, in violation of R.C. 4511.19(A)(1) and (3); driving while suspended, in violation of R.C. 4507.02(A)(2); failure to wear a safety belt, in violation of R.C. 4513.26.3; and driving without a driver's license (expired), in violation of4507.02(A)(1). The state also charged him, under a separate case number, for two drug offenses related to the traffic stop. His appointed counsel filed a "Demand for Discovery" pursuant to Crim.R. 16. After the pre-trial hearing on these charges, the court ordered the state to provide discovery within ten days.
Almost two months later, the trial court granted the state's motion to enter a nolle prosequi and dismissed the charges without prejudice. The state indicated that the case was "unlikely to result in a conviction for the plaintiff [because the] State has not provided discovery to [defendant]."
The state re-filed the charges and Kealiher again pled not guilty. The state provided Kealiher with some discovery after his plea. At the pre-trial conference, Kealiher asked the court to sanction the state for discovery violations. He sought an order that any discovery that had not yet been provided to the defendant would not be admissible at trial. The court ordered from the bench that any discovery that had not been provided to the defense "as of this moment will not be admissible into evidence at trial of this case." The pre-trial statement, signed by the trial judge, reflected this order.
On the morning of the scheduled jury trial, Kealiher filed a "Motion in limine" asking the court to further limit the State's evidence to only the testimony of the arresting officer. In this memorandum, although Kealiher did not explicitly seek Crim.R. 16 sanctions, he effectively sought relief for the state's failure to timely provide discovery. At the hearing on this motion, Kealiher sought further sanctions for violations of the court's orders in the original case. The state explained that it failed to provide discovery in the original case because it had not received the necessary information from the Bureau of Criminal Investigation ("BCI") on the drug charges and because it had been unable to locate information at the Bureau of Motor Vehicles ("BMV") regarding the status of Kealiher's driver's license. After statements from both sides about what discovery the state had provided, the court overruled the motion in limine.
That same day, in exchange for the State dismissing the remainder of the charges, Kealiher pled no contest to one charge of operating a motor vehicle under the influence, a violation of R.C. 4511.19(A)(3). The trial court found him guilty and sentenced him accordingly.
Kealiher appeals and asserts the following assignments of error:
 I. THE COURT BELOW ERRED BELOW IN FAILING TO GRANT THE APPELLANT'S MOTION IN LIMINE
 II. THE COURT BELOW ERRED AND ABUSED ITS DISCRETION IN FAILING TO INQUIRE INTO THE REASON FOR THE STATE'S FAILURE TO COMPLY WITH CRIMINAL RULE 16 BEFORE REFUSING TO SANCTION THE STATE.
 II.
Kealiher combines the discussion of his assignments of error because they both concern the same alleged error, that the trial court denied his motion in limine. We combine our discussion of Kealiher's assignments of error for the same reason.
 A.
Generally "no contest" pleas preclude appellate review of pretrial motions in limine, see State v. Engle (1996), 74 Ohio St.3d 525
(Robie Resnick, J., concurring); State v. Ceran (Sept. 7, 1999), Athens App. No. 99CA18, unreported. However, in this case, although the motion was captioned as a motion in limine, it actually was a motion for sanctions pursuant to Crim.R. 16. Appellate courts can review a trial court's ruling on a pretrial motion seeking exclusion of evidence as a sanction for discovery violations after a no contest plea. See Crim.R. 12(H) (defendant who pleads no contest may assert error by the trial court in ruling on a pretrial motion, including motions to suppress evidence); State v. Edwards (1993), 86 Ohio App.3d 550 (a motion seeking to exclude evidence based upon discovery violations is similar to a motion to suppress, so the state may appeal the trial court's ruling on it).
 B.
When reviewing the propriety of discovery rulings imposed by a trial court, this court must determine whether the trial court abused its discretion. See State v. Wiles (1991), 59 Ohio St.3d 71,78; State v. Parson (1983), 6 Ohio St.3d 442, 445. Accordingly, we will only reverse the trial court's ruling if the court's attitude is unreasonable, arbitrary, or unconscionable.Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
Crim.R. 16(E)(3) vests a trial court with broad discretion when a party does not comply with discovery. This rule provides that the trial "court may order such [non-complying] party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
"A trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery." Lakewoodv. Papadelis (1987), 32 Ohio St.3d 1, paragraph two of the syllabus. "The purpose of discovery rules is to prevent surprise and the secreting of evidence favorable to one party. The overall purpose is to produce a fair trial." Id. at 3.
In determining whether a trial court abused its discretion regarding a discovery ruling that admitted evidence, we must consider the following three factors: (1) was the prosecution's failure to disclose willful, (2) would foreknowledge of the requested discovery have benefited the defendant in preparing a defense, or (3) would defendant have been prejudiced by admission of the requested discovery. Parson, 6 Ohio St.3d at the syllabus.
In his assignments of error, Kealiher argues that the trial court erred in denying his motion in limine because (1) the trial court abused its discretion, and (2) the trial court did not inquire into the circumstances surrounding the state's failure to provide discovery.
The trial court did not abuse its discretion in denying further sanctions against the state. In the original case, the trial court ordered the state to provide discovery pursuant to Crim.R. 16. The state dismissed that case and re-filed. After re-filing, the state provided some discovery to Kealiher. Then, upon Kealiher's motion, the trial court limited the evidence the state could produce at trial to that which it had already disclosed. Kealiher did not seek any further sanctions at that time or object to the trial court's ruling.
Between the court's order and the hearing on Kealiher's motionin limine, the state did not provide any new discovery or violate Crim.R. 16. At the motion in limine hearing, the state indicated that they would not go forward on the cases for which it provided no discovery, i.e., the drug cases. Although the trial court expressed some frustration with the state's violation of the discovery procedures, it denied Kealiher's motion. The trial court did not act arbitrarily, unconscionably or unreasonably in failing to further sanction the state for discovery abuses it had fully considered to Kealiher's satisfaction. Accordingly, we find that the trial court did not abuse its discretion in denying Kealiher's motion in limine and overrule his first assignment of error.
Appellant also argues that the trial court erred because it failed to inquire into the circumstances surrounding the state's failure to provide discovery. Appellant asserts that the trial court's statement during the hearing that "I don't know why discovery has not been provided; why it wasn't provided in the previous case" shows this failure. We disagree. Taking the statement out of the context of the proceedings and focusing only on that statement may support Kealiher's argument. However, the statement, taken in context, merely expresses the trial court's frustration with the failure of the state to timely provide discovery. The parties had already had one hearing on this matter and the state explained that it had not received information it needed from BCI and the BMV. Accordingly, we find that the trial court did not fail to inquire into the circumstances surrounding the state's failure to provide discovery and overrule Kealiher's second assignment of error.
 III.
In sum, we overrule both of appellant's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
HARSHA, J.: Concurs in Judgment and Opinion.
EVANS, J.: Concurs in Judgment Only.
For the Court
 BY: _______________________________ ROGER L. KLINE, Presiding Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commencesfrom the date of filing with the clerk.