OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellant, State of Ohio, has filed an appeal along with a Crim.R. 12(J) certification from a decision of the Ashtabula County Court of Common Pleas limiting the state's witness list and evidence that could be introduced at trial due to discovery violations.[1] The following facts are relevant to a determination of this appeal.
On February 2, 1999, appellee, Varnell Johnson, was indicted by the Ashtabula County Grand Jury on three counts of trafficking in cocaine in violation of R.C. 2925.03(A) and (C)(4)(a), felonies of the fifth degree. Appellee entered a plea of not guilty, and a jury trial was scheduled for May 26, 1999. On February 16, 1999, the trial court scheduled a pretrial for May 18, 1999, and ordered the state to complete discovery no later than seven days before the pretrial. Appellee filed a request for discovery on February 19, 1999. On April 21, 1999, the pretrial was rescheduled for May 24, 1999.
On April 29, 1999, appellee filed a motion to compel discovery, requesting "the name of the Confidential Informant listed on the State's discovery" and "copies of audio cassette tapes and video cassette tapes * * *." On May 17, 1999, the trial court ordered the state to comply with appellee's discovery request. At the pretrial hearing on May 24, 1999, appellee filed a motion to dismiss based upon the state's failure to comply with his discovery request as ordered by the trial court.
On May 25, 1999, the trial court overruled appellee's motion to dismiss in addition to an oral motion made by the state to grant a continuance. Instead, the trial court held that "[w]itnesses who have not been identified and evidence which has not been made available by the State at least seven days before the pretrial shall be excluded at trial." The state timely appealed the trial court's ruling to exclude this evidence pursuant to Crim.R. 12(J). The state has now set forth three assignments of error.
In the first assignment of error, the state contends that the trial court committed reversible error by failing to state its factual findings on the record when it overruled appellee's motion to dismiss. The state relies on Crim.R. 12(E), which provides, in relevant part:
 "Where factual issues are involved in determining a motion, the court shall state its essential findings on the record."
It is clear that the issue of whether or not the state complied with the discovery request involved a factual determination by the trial court. In a case directly on point, State v. Edwards (1993), 86 Ohio App.3d 550, the Third District Court of Appeals held that due to the use of the word "shall" in Crim.R. 12(E), the trial court was required to enter its essential findings on the record when a discovery violation had been alleged, even where findings of fact had not been requested. The court stated, "[i]n the absence of such findings, a reviewing court cannot properly review the ruling of the trial court." Id. at 554, citing Bryan v. KnappLaboratories (1986), 21 Ohio St.3d 64, 65. The Edwards
court decided that the rule of law set forth in Lakewoodv. Papadelis (1987), 32 Ohio St.3d 1, wherein the Supreme Court of Ohio defined the scope of Crim.R. 16(E)(3) in the context of the exclusion of a defense witness, should apply equally to situations involving a prosecution witness. The court concluded:
 "[W]e hold that a trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery." Id. at 555.
Based upon this analysis, we hold that the trial court erred by failing to state its factual findings on the record when considering whether or not discovery violations had occurred. In fact, when discovery violations have been alleged, we fail to see how a trial court can make a decision without first conducting a hearing in order to sort through the facts. A hearing would allow both parties to challenge the state of the affairs. Without a hearing, neither party would be able to present the court with all pertinent evidence, such that would allow either a trial court or an appellate court to conduct a meaningful review. Accordingly, the state's first assignment of error is sustained. In light of this conclusion, the state's second and third assignments of error are premature and will not be addressed at this time. Upon remand, however, the trial court is cautioned that if it determines that discovery violations have occurred necessitating sanctions, the least severe sanction that is consistent with the purpose of the rules of discovery should be imposed as outlined by the Supreme Court of Ohio in Papadelis,supra.
The decision of the trial court is hereby reversed and the matter remanded for a hearing in accordance with this opinion.
 _________________________________ WILLIAM M. O'NEILL, Judge
CHRISTLEY, P.J., NADER, J., concur.
[1] This court has some concerns that Crim.R. 12(J) may apply only to the granting of suppression motions and that R.C. 2945.67
may be the appropriate procedural path in this situation. However, appellee has not raised this jurisdictional question and, alternatively, even if R.C. 2945.67 was the proper route, we would still exercise our discretion to hear this appeal.