DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Dennis M. Prentice, appeals the judgment of the Fulton County Court of Common Pleas wherein a jury convicted him of complicity to commit trafficking in cocaine, a felony of the fourth degree.
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Appellant's counsel asserts that after reviewing the record and the conduct of the *Page 2 
trial court, he can find no arguable issues for appellate review. Appellant's counsel further states that, as required by Anders, he provided appellant with a copy of the appellate brief and request to withdraw as counsel and informed him of his right to file his own brief Appellant has not filed a pro se brief
 {¶ 3} In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. See, also, State v. Duncan (1978),57 Ohio App.2d 93. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 4} Consistent with Anders, appellant's counsel has asserted two potential assignments of error alleging a violation of appellant's speedy trial rights and alleging that the court erred in denying a motion in limine.
 {¶ 5} R.C. 2945.71(C)(2) provides, in pertinent part:
 {¶ 6} "A person against whom a charge of felony is pending: *Page 3 
 {¶ 7} "(2) Shall be brought to trial within two hundred seventy days after the person's arrest."
 {¶ 8} In addition, under R.C. 2945.71(E), if a person is held in prison in lieu of bail, each day that person is incarcerated counts as three days toward the 270 day limit. Thus, when the triple count provision applies, a defendant must be brought to trial within 90 days. This time begins to accrue the day after the arrest. Crim.R. 45(A). If a defendant is not brought to trial within this period, R.C. 2945.73(B) mandates a defendant's discharge.
 {¶ 9} Appellant in this case was incarcerated as a result of the instant charge on August 8, 2006. He remained incarcerated until his trial began on November 6, 2006. Pursuant to Crim. R. 45(A), appellant's first day of incarceration did not count towards his 90 day total. Appellant's trial began on his ninetieth day of incarceration. Thus, his speedy trial rights were not violated.
 {¶ 10} Appellant's counsel next suggests that the court erred in denying appellant's motion in limine. Appellant attempted to prevent the testimony at trial of a Bureau of Criminal Identification and Investigation ("BCI") employee based on the fact that the witness's name did not appear on the state's witness list.
 {¶ 11} The trial court is given broad discretion regarding sanctions for failing to comply with the discovery rules. See Crim.R. 16(E)(3);State v. Adkins (1992), 80 Ohio App.3d 211. As a result, the trial court's ruling will not be reversed unless the trial court's actions amounted to an abuse of discretion. An abuse of discretion involves more than an *Page 4 
error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Wilmington SteelProducts, Inc. v. Cleveland Elec. Illum. Co. (1991), 60 Ohio St.3d 120,122.
 {¶ 12} Crim.R. 16(E)(3) expressly gives the trial court permission to grant a continuance if a party has failed to comply with a discovery rule. See Crim.R. 16(E)(3). Further, the trial court should generally attempt to impose the least severe sanction consistent with the purpose of the discovery rules. State v. Edwards (1993), 86 Ohio App.3d 550.
 {¶ 13} The trial court, in this case, offered appellant's counsel a continuance in order to give him time to prepare an effective cross-examination of the undisclosed witnesses. Appellant's counsel declined the continuance. On the day of trial, appellant filed a "demand for testimony" seeking the testimony of the person who conducted the examination of the controlled substances at issue. Thus, it is apparent that counsel knew someone from the bureau would be testifying and it can be assumed that counsel prepared his cross-examination accordingly. Moreover, the record shows that counsel did thoroughly cross-examine the witness from the BCI. Therefore, we find that the trial court did not abuse its discretion in denying appellant's motion in limine.
 {¶ 14} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, appellant's appellate counsel properly determined that no meritorious appealable issue existed in this case, and this appeal is without merit *Page 5 
and wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted.
 {¶ 15} The judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1