THE STATE, EX REL. CITY OF NILES, *v.* BERNARD ET AL.

[Cite as State, ex rel. Niles, v. Bernard (1978),
53 Ohio St. 2d 31.]

(No. 77-236—Decided February 1, 1978.)

32

33

*Mr. Mitchell F. Shaker*, city solicitor, for relator.

*Mr. Mitchell F. Shaker*, city solicitor, for respondents Mr. Fremont J. Camerino, Mr. Arthur M. Doutt and Mr. Phillip A. Rickard, Jr.

*Messrs Pfau, Comstock & Springer*, and *Mr. David C. Comstock*, for respondents Mr. Joseph Cicero, Mr. Ralph Infante and Mr. Gevene C. Sprecacenere.

*Mr. Nick A. Bernard, Mr. John J. Burke, Mr. Anthony R. Corea* and *Mr. Lawrence A. Zachariah*, for respondents *pro se*.

*Per Curiam.* The instant action has been filed with this court pursuant to R. C. 733.58, which provides:

"In case an officer or board of a municipal corporation fails to perform any duty expressly enjoined by law or ordinance, the solicitor *shall* apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of such duty." (Emphasis added.)

To demonstrate that he is entitled to a writ of mandamus, a relator must show (1) that he enjoys a clear legal right to the relief for which he prays, (2) that respondent is under a clear legal duty to perform the act demanded by relator, and (3) that he has no plain and adequate remedy in the ordinary course of the law. See *State, ex rel. Pressley*, v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 228 N. E. 2d 631; and *State, ex rel. National City Bank, v. Bd. of Education* (1977), 52 Ohio St. 2d 81, 369 N. E. 2d 1200.

R. C. 727.39 provides:

"When it appears to the legislative authority of a municipal corporation that a special assessment is invalid by reason of informality or irregularity in the proceedings, or when an assessment is adjudged to be illegal by a court of competent jurisdiction, the legislative authority *may* order a reassessment whether the improvement has been made or not.

"Proceedings upon a reassessment, and for the collection thereof, shall be conducted in the same manner

as is provided for the original assessment." (Emphasis added.)

In ascertaining whether relator has a clear legal right to the relief for which he prays, we first determine whether R. C. 727.39 encompasses a "duty expressly enjoined by law," within the meaning of R. C. 733.58.

In *Dorrian* v. *Scioto Conserv. Dist.* (1971), 27 Ohio St. 2d 102, 271 N. E. 2d 834, the *Dorrian* appellant contended that the word "may," as utilized in R. C. 6101.45 and 6101.46, was mandatory in nature, and that a court of appeals had erred in interpreting it in those sections as being permissive. This court explained that a statutory usage of the term "may" is generally construed to render optional, permissive, or discretionary the provision in which it is embodied; this is so at least when there is nothing in the wording, sense, or policy of the provision demanding an unusual interpretation.[1] The term "shall" usually is interpreted to render mandatory the provision containing it.[2]

The language of R. C. 727.39 discloses no clear intent of the General Assembly that the term "may," as encompassed therein, be construed as mandatory rather than permissive, nor are we persuaded that the sense or policy of this provision requires an unusual interpretation. Consequently, the power pursuant to R. C. 727.39 of a legislative authority to order a reassessment, whether the

---

[1]"The word 'may' will not be given the meaning of 'shall' or 'must' where it is apparent from the whole section or statute that such was not the legislative intention." 50 Ohio Jurisprudence 2d 33, Statutes, Section 21.

[2]Consistent with *Dorrian* v. *Scioto Conserv. Dist.* (1971), 27 Ohio St. 2d 102, 271 N. E. 2d 834, and with the judgment in the instant cause are *State, ex rel. Ewing,* v. *Without A Stitch* (1974), 37 Ohio St. 2d 95, 103, 307 N. E. 2d 911, appeal dismissed 421 U. S. 923, and *Malloy* v. *Westlake* (1977), 52 Ohio St. 2d 103, 106, 370 N. E. 2d 457. This court reiterated in *Without A Stitch* and *Westlake* that the use of the word "shall" in a statute must be construed as imposing a mandatory duty, unless there appears a clear and unequivocal legislative intent that it receive a meaning other than its ordinary meaning.

relevant improvement has been made or not, is permissive or discretionary in nature.

In view of the foregoing, relator has not established the clear legal duty necessary for the relief of mandamus, and the writ is denied.

*Writ denied.*

O'Neill, C. J., Herbert, Celebrezze, W. Brown, P. Brown, Sweeney and Locher, JJ., concur.

