This matter is before the court on the petition of relator, Mary Ellen McComish, for a writ of mandamus directing respondents, Lucas County Common Pleas Judge James Bates, Lucas County Sheriff James Telb, and Lucas County Treasurer Ray Kest, to cancel a judicial sale of certain real property belonging to her.
According to relator, an irregularity exists in the appraisal of such property. Specifically, relator contends that because the three court-appointed appraisers did not view the interior of her property, the resultant appraisal is per se faulty and should be set aside. Respondent Judge Bates denied relator's motion that the appraisal be set aside on these grounds.
For a writ of mandamus to issue, a relator must establish that he or she,
 "* * * has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." State ex rel Westchester v. Bacon (1980), 61 Ohio St.2d 42, paragraph one of the syllabus.
Mandamus may not be used to enforce a discretionary act.State ex rel. Niles v. Bernard (1978), 53 Ohio St.2d 31, 34. Mandamus may not be used as a substitute for an appeal, State exrel. Ratliff v. Marshall (1972), 30 Ohio St.2d 101, 102, or as a means of obtaining interlocutory review. State ex rel. Woodburyv. Spitler (1973), 34 Ohio St.2d 134, 137.
In the present matter, relator cites Glendale FederalBank v. Brown (Jan. 12, 1994), Montgomery App. No. 13976, unreported, to support her position. That case holds that a decision to set aside an appraisal for an irregularity is both discretionary and subject to appeal. Therefore, relator has an adequate remedy at law for this action and failed to allege a clear legal right to the relief sought. Accordingly, relator's petition is deficient on its face and is, hereby, dismissed.