[Cite as *Bd. of Twp. Trustees Sharon Twp. v. Zehringer*, 2011-Ohio-6885.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE BOARD OF TOWNSHIP TRUSTEES SHARON TOWNSHIP | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 11-CA-45 |
| JAMES ZEHRINGER, DIRECTOR, OHIO DEPARTMENT OF AGRICULTURE | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Licking County Court of
                            Common Pleas, Case No. 11 CV 0060


JUDGMENT:                   AFFIRMED


DATE OF JUDGMENT ENTRY:     December 28, 2011


APPEARANCES:

For Appellant:                          For Appellee:

DEAN HOLMAN                             MICHAEL DEWINE
Medina County Prosecutor                Ohio Attorney General

TOM J. KARRIS                           JAMES R. PATTERSON
BRIAN M. RICHTER                        8995 E. Main St.
72 Public Square                        Reynoldsburg, Ohio 43068
Medina, Ohio 44256

*Delaney, J.*

{¶1} Plaintiff-Appellant the Board of Township Trustees of Sharon Township (the "Board") appeals the April 13, 2011 decision of the Licking County Court of Common Pleas to dismiss the Board's complaint for Declaratory Judgment. Defendant-Appellee is James Zehringer, Director, Ohio Department of Agriculture.

## STATEMENT OF THE FACTS AND CASE

{¶2} Ohio Revised Code 905.40 charges the Director, Ohio Department of Agriculture ("ODA") with the duty of promulgating rules for the regulation and storage of fertilizer. Anhydrous ammonia is a nitrogen fertilizer. F. Bruce Simmons, the owner of a farm in Medina County, Ohio, applied to the Ohio Department of Agriculture ("ODA") for approval to install a 12,000 gallon anhydrous ammonia storage tank pursuant to Ohio Adm.Code 901:5-3.

{¶3} Ohio Adm.Code 901:5-3, Stationary Ammonia Systems, establishes the process for which a stationary ammonia system may be constructed and operated. Under Ohio Adm.Code 901:5-3-02, no person shall construct a new stationary ammonia system before the ODA approves the location and design of the system; nor shall a person operate a stationary ammonia system before the ODA approves the system as to design, construction, and operation. Ohio Adm.Code 901:5-3-02(A)(1) and (2). Ohio Adm.Code 901:5-3-03 to 901:5-3-14 delineate the established specifications for a stationary ammonia system. If an ODA inspection determines the location and construction of the stationary anhydrous ammonia system conforms to the requirements, the ODA will issue a permit to operate the tank. Ohio Adm.Code 901:5-3-02(B).

{¶4} In response to Simmons's application, the ODA determined the location of the anhydrous ammonia tank met the code requirements and issued a permit for installation of the tank on the farm. The ODA agreed to give the Board of Township Trustees, Sharon Township ("the Board") prior notice of its final approval of the tank before the tank could go into operation. The ODA gave the Board notice that it was going to give final approval for the tank operation.

{¶5} On January 13, 2011, the Board filed a Declaratory Judgment action with the Licking County Court of Common Pleas against the ODA. In its complaint, the Board requested a temporary, preliminary, and permanent injunction. The Board sought to enjoin the ODA "from approving and permitting the installation of new permanent on-site storage tanks for anhydrous ammonia on farms and specifically the Simmons's tank until the ODA established regulations which would reasonably protect the health, safety, and welfare of people and property which can be reasonably foreseen to be exposed to the toxic and deadly effect of an uncontrolled release of this dangerous material, anhydrous ammonia." (Appellant's Brief, p. 2-3). The ODA agreed not to consider final approval of the operation of the Simmons's tank during the pendency of the trial court proceedings.

{¶6} On February 8, 2011, the ODA filed a Motion to Dismiss Complaint under Civ.R. 12(B)(1) and (6). In its motion, the ODA argued 1) the Board lacked legal standing as a matter of law and 2) the Complaint failed to state any legally recognized claim for relief against the ODA.

{¶7} The trial court granted the ODA's Motion to Dismiss Complaint on April 13, 2011. It first found the Board did not have standing to bring an action against the

ODA because the injury the Board claimed, injury to the public and the Township if there was an ammonia leak, was too speculative. It then found that the Board's argument that the ODA regulations for anhydrous ammonia were insufficient was not based on any rule of law or procedure capable of judicial review.

{¶8} It is from this decision the Board now appeals.

**ASSIGNMENTS OF ERROR**

{¶9} The Board raises three Assignments of Error:

{¶10} "I. THE TRIAL COURT ERRED IN FINDING THAT THE INJURIES TO THE BOARD OF TOWNSHIP TRUSTEES, SHARON TOWNSHIP WERE INSUFFICIENT TO CONFER STANDING TO BRING THE SUIT AGAINST THE DEFENDANT.

{¶11} "II. THE TRIAL COURT ERRED IN FINDING THAT THE BOARD OF TOWNSHIP TRUSTEES, SHARON TOWNSHIP FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED WHEN THE CLAIM IS THAT THE REGULATIONS OF THE OHIO DEPARTMENT OF AGRICULTURE ARE UNREASONABLE BY INSUFFICIENTLY PROTECTING THE HEALTH, SAFETY, AND WELFARE OF THE CITIZENS OF SHARON TOWNSHIP AND THE GENERAL PUBLIC AND DOES THEREBY IMPOSE AN UNDUE BURDEN UPON THE PLAINTIFF BY COMPELLING IT TO TAKE EXTRAORDINARY MEASURES TO FULFILL ITS DUTIES TO PROTECT THE SAFETY OF THE CITIZENS OF SHARON TOWNSHIP.

{¶12} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION, BY DISMISSING THE WITHIN ACTION WHEN AS A MATTER OF LAW, THE PLAINTIFF

HAS STANDING AND A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND THEREBY NOT AFFORDING THE PLAINTIFF AN OPPORTUNITY TO BE HEARD ON QUESTIONS OF FACT."

## II.

{¶13} We address the Board's second Assignment of Error first because it is dispositive of this appeal. The Board argues the trial court erred in finding their complaint for declaratory judgment fails to state a claim upon which relief may be granted. We disagree.

{¶14} This matter is before the court upon a Motion to Dismiss pursuant to Civ.R. 12(B)(6). Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

{¶15} The Board's declaratory judgment action requested the trial court to declare the ODA's current regulations concerning anhydrous ammonia unreasonable, as they do not provide sufficient protection for the health, safety, and welfare of the citizens of Sharon Township. The Board alleges anhydrous ammonia is a highly toxic substance and the ODA regulations promulgated under R.C. 905.40 are insufficient to protect the public if there was a release of the chemical into the atmosphere. The

complaint further requested temporary and permanent injunctive relief to enjoin the ODA from approving the use of, or continuing the use of, any permanent anhydrous ammonia storage tank on farms until regulations were put into place to protect the citizens of Sharon Township.

{¶16} We previously stated the purpose of declaratory relief in *Osnaburg Twp. Zoning Inspector v. Eslich Environmental Inc.*, 5th Dist. No. 2008CA00026, 2008-Ohio-6671, ¶45:

{¶17} "While the statute governing declaratory judgment actions 'grants the general authority to test the construction of a law, there must exist a justiciable issue for declaratory relief to ensue.' *State ex rel. Bolin v. Ohio Environmental Protection Agency* (1992), 82 Ohio App.3d 410, 415, 612 N.E.2d 498. In order to grant declaratory relief, there must exist 'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' *Bilyeu v. Motorists Mut. Ins. Co.* (1973), 36 Ohio St.2d 35, 37, 65 O.O.2d 179, 303 N.E.2d 871, quoting *Aetna Life Ins. Co. v. Haworth* (1937), 300 U.S. 227, 241, 57 S.Ct. 461, 81 L.Ed. 617."

{¶18} With the purpose of declaratory relief in consideration, we review the Civ.R. 12(B)(6) motion to dismiss.

{¶19} The General Assembly vested the Director of the ODA with the authority to adopt and enforce uniform rules concerning the use of anhydrous ammonia. R.C. 905.40 states:

{¶20} "The director of agriculture may promulgate, adopt, and enforce uniform rules:

{¶21} "(A) Governing the storing and handling of fertilizers;

{¶22} "(B) For safety in design, construction, location, installation, or operation of equipment for storing, handling, transporting, and utilizing anhydrous ammonia, or other solutions for use as agricultural fertilizers;

{¶23} "(C) To prohibit the reselling or reuse of such containers without authorization by the owner thereof;

{¶24} "(D) Requiring that guaranteed analysis be stated in a form other than that defined in section 905.31 of the Revised Code when another form will not impose an economic hardship on manufacturers, distributors, and users of fertilizer by reason of conflicting labeling requirements among the states."

{¶25} The regulations for the use of Stationary Ammonia Systems are found in Ohio Adm.Code 901:5-3.

{¶26} R.C. 905.501 prohibits any local regulation of fertilizers. The statute states, "[n]o political subdivision shall regulate the registration, packaging, labeling, sale, storage, distribution, use, or application of fertilizer, or require a person licensed or registered under sections 905.31 to 905.99 of the Revised Code to obtain a license or permit to operate in a manner described in those sections, or to satisfy any other condition except as provided by a statute or rule of this state or of the United States."

{¶27} The Board states the current ODA regulations do not permit the Board to fulfill its duties as required by R.C. 505.37. R.C. 505.37(A) states in pertinent part, "[t]he board of township trustees may establish all necessary rules to guard against

the occurrence of fires to protect property and lives of citizens against damage and accidents * * *." The Board's request for declaratory relief is based on the argument the ODA regulations are insufficient to prepare the emergency responders of Sharon Township to react to an ammonia leak and to protect the citizens of Sharon Township from an ammonia leak. The Board contends R.C. 905.40 places a mandatory duty upon the ODA to implement reasonable rules for the regulation of anhydrous ammonia so that the Board can meet its duties under R.C. 505.37.

{¶28} Upon our de novo review of the Board's arguments, we agree with the trial court's conclusion the Board's action fails to state a claim capable of relief. As the trial court noted, the Board does not allege the ODA regulations were adopted in violation of R.C. Chapter 119. The Board does not assert the regulations are unconstitutional. The Board's argument is the ODA has failed to meet its statutory duty under R.C. 905.40 to promulgate rules because the administrative regulations are insufficient to protect the citizens of Sharon Township from the dangers of an ammonia leak.

{¶29} R.C. 905.40 states, "the director of agriculture *may* promulgate, adopt, and enforce uniform rules." (Emphasis added.) The Board contends this language is mandatory. The ODA states this language is discretionary. When assessing statutory language, it is necessary to consider the intent of the General Assembly. "Determining this intent requires us to read words and phrases in context and construe them in accordance with rules of grammar and common usage." *State ex rel. Russell v. Thornton,* 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 11. The Ohio Supreme Court stated in *Natl. City Bank v. Beyer*, 89 Ohio St. 152, 729 Ohio N.E.2d

711 (2000): "'[U]sage of the term '*may*' is generally construed to render optional, permissive, or *discretionary* the provision in which it is embodied.' (Emphasis added.) *State ex rel. Niles v. Bernard* (1978), 53 Ohio St.2d 31, 34, 7 O.O.3d 119, 120–121, 372 N.E.2d 339, 341." (Emphasis sic.) In this case, we find the use of the word "may" is discretionary in nature, rather than mandatory.

{¶30} Administrative rules are designed to accomplish the ends sought by the legislation enacted by the General Assembly. *State ex rel. Am. Legion Post 25 v. Ohio Civ. Rights Comm.*, 117 Ohio St.3d 441, 2008-Ohio-1261, 884 N.E.2d 589, ¶14 citing *Carroll v. Dept. of Adm. Servs.*, 10 Ohio App.3d 108, 110, 460 N.E.2d 704 (10th Dist. 1983). "Rules promulgated by administrative agencies are valid and enforceable unless unreasonable or in conflict with statutory enactments covering the same subject matter." *Id*. citing *State ex rel. Curry v. Indus. Comm.*, 58 Ohio St.2d 268, 269, 389 N.E.2d 1126 (1979).

{¶31} In this case, the ODA has promulgated administrative regulations for the use of anhydrous ammonia. However, the Board's contention is the rules are not sufficient to protect the citizens of Sharon Township from a possible ammonia leak. Within the parameters of established statutory regulations and case law, this Court cannot find support for the Board's claims the ODA is in violation of its statutory duty to promulgate rules for the use of anhydrous ammonia. In a declaratory judgment action there must exist a real and substantial controversy that is capable of admitting specific and conclusive relief. If the Board's request for declaratory relief is taken to its logical conclusion, it would be tantamount to judicial legislation.

{¶32} We can find no justiciable controversy and therefore the Board has failed to state a claim that is capable of relief. We find no error in granting the ODA's motion to dismiss under Civ.R. 12(B)(6).

{¶33} The Board's second Assignment of Error is overruled.

**I.**

{¶34} The Board argues in its first Assignment of Error the trial court erred in its determination that the Board lacked standing to pursue its claims against the ODA. Based on our disposition of the second Assignment of Error, we find it unnecessary to reach the first Assignment of Error.

**III.**

{¶35} The Board's third Assignment of Error is a reiteration of the first and second Assignments of Error. For the reasons stated in the first and second Assignments of Error, we overrule the Board's third Assignment of Error.

{¶36} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.

Hoffman, P.J. and

Farmer, J. concur.

HON. PATRICIA A. DELANEY

HON. WILLIAM B. HOFFMAN

HON. SHEILA G. FARMER

[Cite as *Bd. of Twp. Trustees Sharon Twp. v. Zehringer*, 2011-Ohio-6885.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE BOARD OF TOWNSHIP TRUSTEES SHARON TOWNSHIP | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JAMES ZEHRINGER, DIRECTOR, OHIO DEPARTMENT OF AGRICULTURE | : | |
| | : | |
| | : | |
| | : | |
| | : | Case No. 11-CA-45 |
| Defendant-Appellee | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the

Licking County Court of Common Pleas is affirmed. Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER