[Cite as *State v. Timberling*, 2013-Ohio-1377.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-35 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-CR-406 |
| v. | : | |
| | : | |
| CHARLES A. TIMBERLING, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of April, 2013.

. . . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. No. 0009172, Prosecuting Attorney Greene County Ohio, by NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecutor, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

MELISSA REPLOGLE, Atty. Reg. No. 0084215, 2312 Far Hills Avenue, Suite 145, Dayton, Ohio 45419
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Charles A. Timberling, Jr., appeals from his prison sentence following a guilty plea to four counts of violating a protection order. Timberling argues that the trial court abused its discretion by imposing consecutive prison sentences and also by denying Timberling's request for a psychological report pursuant to R.C. 2947.06(B). We conclude that the trial court did not abuse its discretion by imposing consecutive prison sentences or by denying Timberling's request for a psychological report.

## I. Facts and Course of Proceedings

{¶ 2} This case involves multiple violations of a protection order placed on Timberling by his ex-girlfriend, Yevonn Jacaruso. In 2011, Timberling violated the protection order by sending four separate correspondences to Jacaruso over a period of seven months. In January 2011, Timberling sent Jacaruso two birthday cards. In June 2011, he sent her a greeting card. His fourth communication was a letter sent after the June 2011 greeting card. All the correspondences were innocuous and did not contain any threats of harm. Timberling also did not try to physically contact Jacaruso.

{¶ 3} Timberling, however, has a prior criminal history related to his infatuation with Jacaruso. In 2004, he pleaded guilty to abducting Jacaruso. He maintains that he did not abduct her, and that he only pleaded guilty due to a plea bargain. While Timberling was in prison for the abduction offense, Jacaruso obtained a protection order against him under R.C. 2903.214. In 2009, after Timberling was released from prison, he attempted to communicate with Jacaruso in violation of the protection order. He was then sent back to prison for nine months.

{¶ 4} As a result of his four communications with Jacaruso in 2011, Timberling

was indicted for four counts of violating a protection order under R.C. 2919.27 and two counts of menacing by stalking under R.C. 2903.211. The prosecution agreed to dismiss the two counts for menacing by stalking in exchange for Timberling pleading guilty to the four protection order violations. On February 23, 2012 Timberling pleaded guilty to the four protection order violations. Prior to pleading guilty, Timberling requested that his mental condition be evaluated pursuant to R.C. 2919.271(B). The court permitted the evaluation and a psychological report was prepared. On January 30, 2012, Timberling requested a second psychological report be prepared because the first report allegedly contained errors and improper conclusions. The trial court decided not to permit a second report and did not consider the first report when sentencing Timberling.

{¶ 5} Timberling's sentencing hearing took place on April 13, 2012. Both Jacaruso and Timberling appeared and gave statements at the hearing.

{¶ 6} Jacaruso expressed her frustration with Timberling. She stated that her relationship with him was brief and destructive, and that she asked for a protection order to protect herself physically and mentally. Additionally, she stated that Timberling went out of his way to locate her, and she felt intimidated by him. She feels as though she and her loved ones are in danger whenever he makes contact with her. She therefore requested the trial court to set aside Timberling's plea bargain, which dismissed the two counts of menacing by stalking, and to issue the maximum allowable sentence.

{¶ 7} Timberling apologized for all of his actions and explained that they were a result of his feelings for Jacaruso. He advised the court multiple times that he had no intention of hurting Jacaruso, and that he had no idea how much she feared him. He also

promised to never contact her again.

{¶ 8}     After hearing Timberling's and Jacaruso's statements, the trial court sentenced Timberling to one year in prison for each of the first three counts and six months for the fourth count.  His total prison sentence is 42 months, and the trial court ordered the sentences to run consecutively.

{¶ 9}     On December 28, 2012, Timberling appealed the trial court's imposition of consecutive sentences and its decision denying his request for a second psychological evaluation.

## II.   The Trial Court Did Not Abuse Its Discretion By Sentencing Charles A. Timberling, Jr. to Consecutive Prison Terms

{¶ 10}    Timberling's First Assignment of Error states that:

The trial court abused its discretion when it sentenced Appellant to consecutive sentences.

{¶ 11}    Under this assignment of error, Timberling argues that he did not cause or attempt to cause any harm to Jacaruso, and that he took full responsibility for his actions. Accordingly, Timberling claims the trial court abused its discretion when it sentenced him to consecutive prison terms.

{¶ 12}    A two-step approach is used in Ohio to review felony sentences. "[A]n appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to decide whether the sentence is contrary to law." *State v. Clark*, 2d  Dist. Champaign No. 2011-CA-32, 2013-Ohio-300, ¶ 13, citing *State v. Kalish*, 120 Ohio St.3d 23,

2008-Ohio-4912, 896 N.E.2d 124, ¶ 26. "If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse-of-discretion standard." *Id.*

A. The Trial Court's Imposition of Consecutive Prison Sentences Was Not Clearly and Convincingly Contrary to Law

{¶ 13} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. Blessing*, 2d Dist. Clark No. 2011 CA 56, 2013-Ohio-392, ¶ 27. "[T]he trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12." (Citation omitted.) *Id.*

{¶ 14} Pursuant to R.C. 2929.11(A):

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 15} Under R.C. 2929.12(A), the sentencing trial court "has discretion to

determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code."

{¶ 16}    With regard to consecutive prison sentences, R.C. 2929.14(C)(4) states that:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> * * *
>
> The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 17}    In this case, the record shows that prior to sentencing Timberling, the trial court considered his criminal history, his history with Jacaruso, and his recidivism.  Based on these considerations, the trial court determined that consecutive prison sentences were necessary to protect the public and to punish Timberling.  We find that the trial court's purpose and reasoning for imposing consecutive sentences comply with R.C. 2929.11(A), 2929.12(A) and 2929.14(C)(4).  The prison sentence also falls within the permissible statutory range for fifth degree felonies as set forth in R.C. 2929.14(A)(5).  The prison sentence therefore complies with all applicable rules and statutes.

{¶ 18} For the foregoing reasons, we find that the trial court's decision was not clearly and convincingly contrary to law.

B. The Trial Court's Decision to Impose Consecutive Prison Sentences Was Not an Abuse of Discretion

{¶ 19} "A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion." (Citations omitted.) *State v. Bray*, 2d Dist. Clark No. 2010CA14, 2011-Ohio-4660, ¶ 28.

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Citation omitted.) It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 20} In this case, the trial court's decision to impose consecutive prison sentences was not unreasonable, arbitrary, or unconscionable. Timberling has engaged in the same pattern of conduct multiple times over the past ten years, and he has continued to cause Jacaruso to fear for her safety. At the sentencing hearing, the trial court expressed its concern

regarding Timberling's criminal history and explained why it decided to impose consecutive sentences. The trial court stated that:

> [T]his is the third time you have appeared before me for essentially the same type of conduct, the same victim and, in the past, the same outcomes. The first time you were in front of this Court you received an 18-month prison sentence. The second time you were in front of this Court you received a nine-month prison sentence, and now you're before this Court a third time for essentially the same conduct, certainly the same offense for which you were sent to prison the previous time.
>
> * * *
>
> The Court finds that these sentences should be served consecutively pursuant to R.C. 2929.14(C)(4) because the Court finds that consecutive sentences are necessary to protect the public from future crime from you, to punish you, and that they are not disproportionate to the seriousness of your conduct and the danger that you pose to the public, including Ms. Jacaruso.
>
> The Court also finds that your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
>
> As such, the Court will order that all four counts be served consecutively for a total effective sentence of 36 months [calculation later corrected on the record to 42 months]. Transcript of Sentencing, p. 26 and 29-31.

**{¶ 21}** The record demonstrates that the trial court decided to impose consecutive sentences due to Timberling's criminal history and recidivism. The trial court reasoned that this was necessary to protect the public and to punish Timberling. We find that the trial court's reasoning is sound, and that its decision is not unreasonable, arbitrary or unconscionable.

**{¶ 22}** For the foregoing reasons, the trial court's imposition of consecutive prison sentences was not an abuse of discretion.

**{¶ 23}** The First Assignment of Error is overruled.

**III. The Trial Court's Decision to Deny a Second Psychological Report Was Not an Abuse of Discretion**

**{¶ 24}** Timberling's Second Assignment of Error states that:

The trial court's denial of a psychological report under R.C. 2947.06(B) was an abuse of discretion.

**{¶ 25}** Under this assignment of error, Timberling argues that a second psychological report, which a court may require when sentencing under R.C. 2947.06(B), would have helped the trial court understand his thought process and his reasons for violating the protection order. Timberling argues that a psychological report was crucial in determining an appropriate prison sentence, and it was therefore an abuse of discretion for the trial court to deny his request to have a second report prepared and considered. We disagree.

**{¶ 26}** Pursuant to R.C. 2947.06(B), "[t]he court may appoint not more than two psychologists or psychiatrists to make any reports concerning the defendant that the court requires for the purpose of determining the disposition of the case." R.C. 2947.06(B) is not a

mandatory statute because "[i]t employs the word 'may,' which is 'generally construed to render optional, permissive, or discretionary the provision in which it is embodied * * *.' " *State v. Taylor*, 114 Ohio App.3d 416, 423, 683 N.E.2d 367 (2d Dist. 1996), quoting *State ex rel. City of Niles v. Bernard*, 53 Ohio St.2d 31, 34, 372 N.E.2d 339 (1978). Because the trial court's decision to implement a psychological report is discretionary, the decision is reviewed under an abuse of discretion standard. As previously discussed, the trial court's decision must be "unreasonable, arbitrary or unconscionable" to be considered an abuse of discretion. *AAAA Enterprises, Inc.,* 50 Ohio St.3d at 161, 553 N.E.2d 597.

{¶ 27} In this case, the trial court's decision to deny Timberling's request for a second psychological report was not unreasonable, arbitrary or unconscionable. The first psychological report, which was allegedly erroneous, was not considered by the trial court, and a second one was deemed unnecessary. Denying the request for a second report was not unreasonable because there is nothing in the record indicating that Timberling suffered from mental health issues that may have affected his behavior. There is also nothing in the record indicating that Timberling was receiving any mental health treatment. At the sentencing hearing, Timberling explained to the court his feelings for Jacaruso and why he contacted her. His explanation adequately informed the trial court of his reasons for violating the protection order, and it did not require clarification by a psychologist.

{¶ 28} For the foregoing reasons, we find that a psychological report was not crucial to determining an appropriate sentence, and it was not unreasonable, arbitrary or unconscionable for the trial court to deny Timberling's request to have a second one prepared. Accordingly, the trial court did not abuse its discretion by denying Timberling's request for a

psychological report under R.C. 2947.06(B).

{¶ 29}    The Second Assignment of Error is overruled.

### IV.    Conclusion

{¶ 30}    Having overruled both of Charles A. Timberling, Jr.'s assignments of error,

we hereby affirm the judgment of the trial court.

. . . . . . . . . . . . .

FAIN, P.J. and DONOVAN, J., concur.

Copies mailed to:

Nathaniel R. Luken
Melissa Replogle
Hon. Stephen Wolaver