[Cite as *State v. Ellis*, 2018-Ohio-5293.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-03-043 |
| | : | O P I N I O N |
| - vs - | | 12/28/2018 |
| | : | |
| ROY B. ELLIS, JR., | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-09-1539


Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 South Second Street, Suite 305, Hamilton, Ohio 45011, for appellant


**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Roy Ellis, Jr., appeals the sentencing decision of the Butler County Court of Common Pleas. For the reasons detailed below, we affirm.

{¶ 2} On April 16, 2017, appellant crossed the center line on Hamilton Cleves Road and struck another vehicle head-on. Appellant was discovered at the scene and found to be under the influence of heroin and prescription medication. The victim suffered very serious injuries, resulting in permanent disabilities.

{¶ 3} Appellant was indicted on charges of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) and (B)(1)(a), a second-degree felony, and vehicular assault in violation of R.C. 2903.08(A)(2)(b) and (C)(2), a third-degree felony.

{¶ 4} On January 4, 2018, appellant pled guilty to count two of the indictment, vehicular assault, and the matter was set for sentencing. Prior to the sentencing hearing, appellant requested a continuance to undergo a mental health evaluation to be used in mitigation. The trial court denied appellant's request. The trial court then imposed the maximum sentence, a mandatory five-year prison term. Appellant now appeals, raising two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT'S DECISION TO IMPOSE THE MAXIMUM SENTENCE DEFIES THE PURPOSES AND PRINCIPLES OF SENTENCING.

{¶ 7} In his first assignment of error, appellant argues that his five-year prison sentence is contrary to law because it defies the purposes and principles of sentencing. We find no merit to appellant's argument.

{¶ 8} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7.

{¶ 9} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the

- 2 -

permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 10} When a defendant is sentenced, a trial court is not required to consider each sentencing factor, "but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly permits a trial court to consider any relevant factors in imposing a sentence. *Id.*

{¶ 11} After reviewing the record, we find the trial court did not err by sentencing appellant to the maximum five-year prison term, as his sentence was not contrary to law and was supported by the record. As previously noted, appellant was convicted of vehicular assault in violation of R.C. 2903.08(A)(2)(b), a third-degree felony pursuant to R.C. 2903.08(C)(2). R.C. 2929.14(A)(3)(a) provides the "prison term shall be" 12, 18, 24, 30, 36, 42, 48, 54, or 60 months. As such, appellant's five-year prison sentence is within the permissible sentencing range.

{¶ 12} The trial court also considered the purposes and principles of sentencing as required by R.C. 2929.11 and 2929.12. This is evidenced by review of the transcript of the sentencing hearing and the trial court's sentencing entry. The trial court acknowledged that appellant may be a good person with a supportive family but noted "justice demands that there's a price to pay for putting somebody in a wheelchair driving * * * in a state of intoxication." In this case, appellant's actions caused the victim to suffer severe injuries that will significantly impact the remainder of her life.

{¶ 13}  After reviewing the record, we find that the trial court's sentence was not contrary to law and that it is fully supported by the record.  Though appellant contends that he is remorseful, has taken responsibility for his actions, and is suffering from mental health issues, his arguments in mitigation are unpersuasive given the nature of his conduct.  The consequences of his actions will have lasting and profound impact on the victim.  As such, we find the trial court's sentencing decision was not contrary to law.  Appellant's first assignment of error is overruled.

{¶ 14}  Assignment of Error No. 2:

{¶ 15}  THE TRIAL COURT ERRED WHEN IT DENIED A CONTINUANCE AT THE REQUEST OF DEFENDANT.

{¶ 16}  In his second assignment of error, appellant argues the trial court erred by denying his request for a continuance.  Appellant maintains that the denial of a continuance prior to the sentencing hearing to undergo a mental health evaluation was unreasonable and amounted to an abuse of discretion.  We disagree.

{¶ 17}  The decision whether to grant or deny a continuance is within the sound discretion of the trial court and should not be reversed on appeal absent an abuse of that discretion.  *State v. Unger*, 67 Ohio St.2d 65, 67 (1981).  An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable.  *State v. Kash*, 12th Dist. Butler No. CA2002-10-247, 2004-Ohio-415, ¶ 31

{¶ 18}  Furthermore, a trial court's decision to implement a psychological report under R.C. 2947.06 is also discretionary.  *State v. Timberling*, 2d Dist. Greene No. 2012-CA-35, 2013-Ohio-1377, ¶ 26; *State v. Floyd*, 8th Dist. Cuyahoga No. 101301, 2015-Ohio-763, ¶ 17.  Though a trial court "may appoint" psychologists or psychiatrists to make a report concerning the defendant, it is not mandatory and is reviewed for an abuse of discretion.  *Id.*

{¶ 19} In the present case, the trial court denied appellant's request for a continuance, which was requested at the sentencing hearing. As indicated above, a psychological report was not mandatory, and the trial court appropriately noted that appellant was at least partially responsible for failing to secure that report. Furthermore, the trial court noted, on several occasions, that it was aware that appellant was suffering from mental health problems, but nevertheless found the imposition of a five-year prison sentence to be appropriate. It is not clear how the results from a psychological report would impact the trial court's sentencing decision, as the court had accepted appellant's claims with respect to mental health. As a result, we find the trial court did not err by denying appellant's request for a continuance. Appellant's second assignment of error is overruled.

{¶ 20} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.